# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Chris Doop,

    Plaintiff

v.

Wellpath, *et al.*,

    Defendants

Case No.: 2:22-cv-02079-APG-VCF

**Screening Order**

Plaintiff Chris Doop brings this *pro se* civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations he claims he suffered while incarcerated at Clark County Detention Center (CCDC) and while under commitment at Stein Psychiatric Hospital (Stein). ECF No. 1-1. He has also filed an application to proceed *in forma pauperis* and a motion for copies of his medical records. ECF Nos. 1, 3. I grant the application, screen Doop's complaint, and deny the motion.

**I.    SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or

laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements of § 1915A, the Prison Litigation Reform Act (PLRA) requires a federal court to dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *See id*.

A reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. SCREENING OF COMPLAINT

Doop sues three defendants: Clark County Sheriff Joe Lombardo, Well Path—the CCDC healthcare provider—and Stein. He brings three claims and seeks monetary damages and the dismissal of the criminal charges against him.

Doop alleges the following. From December 2021 to April 2022, he repeatedly submitted requests at CCDC for his prescribed psychotropic medication Seroquil. Well Path refused to provide the medication, which ultimately led to Doop being committed to Stein for six

months. He was returned to CCDC custody in September 2022 and found competent to proceed with his state-court criminal proceedings. Well Path also refused to treat Doop's Hepatitis C. Stein refused to treat Doop for Hepatitis C because his medical insurance did not cover the treatment. In October 2022, a district attorney placed a CD-ROM and a flash drive with Doop's property at CCDC. CCDC Sergeant Nededog told Doop that CCDC shut down the inmate law library ten years ago and installed kiosks. The officer told Doop there was no way to view a CD-ROM or flash drive. This has prevented Doop from viewing police body camera and car camera footage as well as surveillance video to aid him in preparing his defense.

Based on these allegations, Doop asserts Fourteenth Amendment claims against Well Path and Stein for inadequate medical care (Claims 1 and 2) and a claim that CCDC violated his Sixth Amendment right to access to the courts (Claim 3).

**A. Fourteenth Amendment—inadequate medical care**

Pretrial detainees may raise inadequate-medical-care claims under the Fourteenth Amendment's Due Process Clause. *Gordon v. Cty. Of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018.) Courts evaluate these claims under an objective deliberate indifference standard. *Id*. at 1125. The elements of a pretrial detainee's Fourteenth Amendment inadequate medical care claim are:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id*. The third element requires the defendant's conduct to be "objectively unreasonable," a test that turns on the facts and circumstances of each particular case. *Id*. A plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id*.

4

### B. Private entities as defendants

Well Path is a private entity that contracts with CCDC to provide medical services to inmates. "For purposes of claims brought under § 1983, a private entity like Well Path is treated as a municipality" and is subject to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *Denson v. Gillespie*, No. 2:10-CV-00525-APG, 2015 WL 56037, at *2 (D. Nev. Jan. 5, 2015); *see Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (holding that "the requirements of *Monell* do apply to suits against private entities under § 1983"). To make out a claim against a private entity under *Monell*, a plaintiff must show that (1) the private entity acted under color of state law, and (2) if a constitutional violation occurred, the violation was caused by an official policy or custom of the private entity. *Tsao*, 698 F.3d at 1139. For the purposes of this screening order, I assume that Well Path acted under color of state law.

### C. Physical building as defendant

The statute that allows inmates to bring civil-rights actions like this one—42 U.S.C. § 1983—authorizes suits against a "person" acting under the color of state law only. As a result, courts routinely hold that jails and prisons are not persons who can be sued under § 1983. *See, e.g.*, *Smith v. Charleston Cty.*, 2019 WL 2870406, at *1 (D.S.C. June 11, 2019) ("Courts have routinely held that inanimate objects such as buildings, facilities, and grounds, such as the Sheriff Al Cannon Detention Center, do not act under color of state law and are not a 'person' subject to suit under § 1983."); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the [Pembroke County Jail] is not a person amenable to suit."); *see also Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin prison not "persons" subject to suit under § 1983). Because Stein Psychiatric Hospital is a building and not a person who can act or be sued, I dismiss it with prejudice as amendment would be futile.

**D. Doop fails to state colorable Fourteenth Amendment claims against Well Path.**

A claim that medical personnel rendered inadequate medical care when they refused to provide Doop his psychotropic medication, resulting in his commitment to a psychiatric facility, could state a colorable Fourteenth Amendment claim.  However, Doop's current allegations fail to state such a claim.  First, Well Path is the entity, the business, that provides medical care at CCDC.  But Doop needs to follow the instructions on the complaint form and "[d]escribe exactly what **each specific defendant (by name)** did to violate [his] rights." *See, e.g*. ECF No. 1-1 at 5 ("4. Supporting Facts").  He must name the Well Path employees who refused to provide his medicine.  Second, Doop has failed to allege that when Well Path personnel refused to provide the medication, they acted pursuant to a custom or policy.  Claim 1, therefore, fails to allege a colorable claim for Fourteenth Amendment inadequate medical care with respect to the psychiatric medication.

Doop also alleges in Claim 1 that Well Path refused to treat his Hepatitis C.  But he again fails to allege that Well Path personnel acted pursuant to a custom or policy.  Nor does he allege that any failure to treat the Hepatitis C caused him to suffer further injury.  For example, he does not claim that the failure to treat led to specific symptoms or illnesses.  Thus, Claim 1 also fails to allege a colorable claim for Fourteenth Amendment inadequate medical care with respect to Hepatitis C treatment.  I dismiss Claim 1 without prejudice and with leave to amend.

**E.  Doop fails to state colorable Fourteenth Amendment claim against Stein.**

As stated above, I am dismissing Stein Psychiatric Hospital because it is a building and not a person who can act or be sued.  But Doop might be able to state a colorable Fourteenth Amendment claim by alleging he received inadequate medical care from specific Stein personnel when they refused to treat his Hepatitis C because his insurance did not cover the treatment.  In the current complaint, Doop does not identify specific personnel.  Nor does he allege that the

failure to treat his Hepatitis C caused him to suffer further injury, such as specific symptoms or illnesses.  So I dismiss Claim 2 without prejudice and with leave to amend, if Doop can name as defendants specific Stein personnel who allegedly refused to treat him and explain how the refusal caused him further, specific, injuries or symptoms.

### F.  Doop fails to state a colorable access-to-courts claim.

Pretrial detainees awaiting trial, such as Doop, have a constitutional right to appointed counsel if they cannot afford to obtain counsel. *Gideon v. Wainwright*, 372 U.S. 335 (1963). Criminal defendants also have a constitutional right to proceed *pro se* and represent themselves in their criminal trial. *Faretta v. California*, 422 U.S. 806 (1975).  The Ninth Circuit has held that "the right to self-representation necessarily includes and is premised upon the right of the defendant to prepare a defense." *See Taylor v. List*, 880 F.2d 1040, 1047 (9th Cir. 1989).  "An incarcerated defendant may not meaningfully exercise his right to represent himself without access to law books, witnesses, or other tools to prepare a defense." *Id.*

It is unclear whether Doop is represented by counsel in his criminal case.  If not, he may be trying to set forth a claim for violations of his Sixth Amendment right to self-representation because he is a criminal defendant.  He would need to identify the specific defendants who denied him access to his legal materials that he needed to prepare a defense.  I dismiss Claim 3 without prejudice and with leave to amend.  If Doop is represented by counsel, it would appear that his first course of action in preparing for his criminal case would be to work with counsel and inform counsel of any obstacles to the preparation of his defense. *See, e.g.*, *Leeds v. Watson*, 630 F.2d 674, 676 (9th Cir. 1980) (citing *Bounds v. Smith*, 430 U.S. 817, 828 (1977), for the proposition that prisoners have a constitutional right of access to the courts, and that this is met by providing a law library or adequate assistance from persons trained in the law.)

/ / / /

### G. Defendant Lombardo

Doop sets forth no allegations against defendant Clark County Sheriff Joe Lombardo. A defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§]1983." *Id.*; *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). It is unclear whether Doop seeks to allege that Lombardo's actions or directions interfered with his ability to prepare his defense in his criminal case, or that Lombardo knew that Doop was prevented from accessing his legal materials, or that Lombardo knew that Doop was denied his psychiatric medication and Hepatitis C treatment. So I dismiss Lombardo as a defendant without prejudice and with leave to amend.

### H. Leave to amend

Although I grant Doop leave to amend, I do not grant him leave to amend in any way that he sees fit. Doop may allege additional true facts to show that Well Path and/or Stein medical personnel rendered inadequate medical care by refusing to provide his psychiatric medication and refusing to treat his Hepatitis C, and that such refusal was based on a custom or policy. He also may allege factual allegations clarifying whether he is representing himself in his criminal case, and whether specific CCDC personnel have denied him access to materials he needs to prepare his defense. I do not give Doop leave to assert new claims.

If Doop chooses to file an amended complaint, he is advised that an amended complaint replaces the complaint, so the amended complaint must be complete in itself. *See Hal Roach*

*Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).  This means that the amended complaint must contain all facts and claims and identify all defendants that he intends to sue.  He must file the amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled "First Amended Complaint."  Doop must follow the instructions on the form.  He need not and should not allege very many facts in the "nature of the case" section of the form.  Rather, in each claim, he should allege facts sufficient to show what each defendant did to violate his civil rights.  He must file the amended complaint by May 1, 2023.  If Doop chooses not to file an amended complaint curing these deficiencies, I will dismiss this case without prejudice for failure to state a claim.

### III.   PLAINTIFF'S MOTION FOR MEDICAL RECORDS

Finally, Doop has filed a motion that he styles as a motion to move and request order to replace medical records. ECF No. 3.  He alleges that after he filed this complaint unspecified defendants searched his cell and took his medical records.  He says he has requested copies of his medical records from Well Path without success.  These allegations that CCDC or Well Path personnel may have retaliated against Doop for filing this complaint are concerning.  However, Doop has not stated any colorable claims against any defendants at this time, and I currently have no jurisdiction over any of the defendants.  I therefore deny the motion without prejudice.

### IV.   CONCLUSION

I THEREFORE ORDER that Doop's application to proceed *in forma pauperis* [ECF No. 1] without having to prepay the full filing fee is GRANTED.  Doop will **not** be required to pay

9

1  an initial installment fee.  Nevertheless, the full filing fee will still be due, under 28 U.S.C.
2  § 1915.  Doop is permitted to maintain this action to conclusion without the necessity of
3  prepayment of fees or costs or the giving of security therefor.

4  I FURTHER ORDER that, under 28 U.S.C. § 1915, the Clark County Detention Center
5  will forward payments from the account of Chris Doop #7081884 to the Clerk of the United
6  States District Court, District of Nevada, 20% of the preceding month's deposits (in months that
7  the account exceeds $10.00) until the full $350 filing fee has been paid for this action.  If Doop is
8  transferred and becomes under the care of the Nevada Department of Corrections, the CCDC
9  Accounting Supervisor is directed to send a copy of this order to the attention of the Chief of
10 Inmate Services for the Nevada Department of Corrections, at formapauperis@doc.nv.gov,
11 indicating the amount that Doop has paid toward his filing fee, so that funds may continue to be
12 deducted from his account.  The Clerk will send a copy of this order to the Finance Division of
13 the Clerk's Office.  The Clerk will also send a copy of this order to the **CCDC Accounting**
14 **Supervisor, 330 S. Casino Center Blvd., Las Vegas, NV 89101**.

15 I FURTHER ORDER that, even if this action is dismissed or is otherwise unsuccessful,
16 the full filing fee will still be due, as required by 28 U.S.C. § 1915.

17 I FURTHER ORDER the Clerk of Court to file the Complaint [ECF No. 1-1] and send
18 Doop a courtesy copy.

19 I FURTHER ORDER that the Complaint is DISMISSED without prejudice and with
20 leave to amend.

21 I FURTHER ORDER that defendant Joe Lombardo is DISMISSED from this action
22 without prejudice.

23 I FURTHER ORDER that defendant Stein Psychiatric Hospital is DISMISSED from this
24 action with prejudice as amendment would be futile.

I FURTHER ORDER that, if Doop chooses to file an amended complaint curing the deficiencies of his complaint as outlined in this order, he must file the amended complaint by **May 1, 2023**.

I FURTHER ORDER the Clerk to send to Doop the approved form for filing a § 1983 complaint, with instructions. If Doop chooses to file an amended complaint, he should use the approved form and write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

I FURTHER ORDER that, if Doop fails to file an amended complaint curing the deficiencies by **May 1, 2023**, I will dismiss this action without prejudice for failure to state a claim.

I FURTHER ORDER that Doop's motion to move and request order [ECF No. 3] is DENIED without prejudice.

Dated: March 30, 2023

_____
U.S. District Judge Andrew P. Gordon